UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY R. ANDERSON,

                Plaintiff,

v.

WAYNE COUNTY, WELLPATH LLC,
and MONICA HALLAC, SHERRI
HOUGHLAND, RICHARD MILES,
ANGELO PATSALIS, and 25 OTHER
UNKNOWN OFFICERS, in their
Individual and Official Capacities,

                Defendants.

Case No.
Hon.

---

THE LAW OFFICE OF MELISSA
A. BROWN, PLLC
Melissa A. Brown (P79127)
1645 Fort Street
Wyandotte, MI 48183
(313) 473-9086
(313) 284-7424 FAX
mbrown@mblopc.com

---

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, by and through his attorney, MELISSA A. BROWN, and for the Complaint against the above-named Defendants, states as follows:

1.  Plaintiff is a resident of the City of Westland, County of Wayne, State of Michigan.

2.  All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

3.    Defendant Wayne County is a municipal corporation and governmental
      subdivision organized and existing under the laws of the State of Michigan.

4.    Wayne County Jail operates under the Wayne County Sheriff's Office, 1231
      Saint Antoine, Detroit, Michigan, 48226.

5.    Defendant WELLPATH LLC is a foreign corporation licensed and
      authorized to do business in the State of Michigan, and at all relevant times
      herein was an agent with WAYNE COUNTY and/or the Wayne County
      Sheriff's Department and/or the Wayne County Jail to provide health care to
      detainees/inmates and, upon information and belief, participated in the
      formation of health care policies and/or customs and/or practices within the
      Wayne County Jail and implemented same.

6.    Defendants MONICA HALLAC, SHERRI HOUGHLAND, RICHARD
      MILES, AND ANGELO PATSALIS, upon information and belief, were at
      all times relevant to the incident complained of, an employee and/or agent of
      Wayne County and/or WELLPATH LLC, working at the Wayne County Jail
      at all times mentioned herein.

7.    At all material times mentioned herein, the individually-named Defendants
      and OTHER UNKNOWN OFFICERS, in their individual and official
      capacities, were acting within the course and scope of their employment and
      were acting under color of law.

8.    Each of the individually-named Defendants and OTHER UNKNOWN
      OFFICERS are being sued in their individual and official capacities.

## JURISDICTION AND VENUE

9.    This lawsuit arises out of the Defendants' violations of Plaintiff's federal
      constitutional rights as secured by the Fourth and Fourteenth Amendments

to the United States Constitution, and Plaintiff has viable claims for damages under 42 U.S.C. §1983 *et seq.*

10. This Court also has jurisdiction over the state claims brought herein.

11. Venue is appropriate as all actions giving rise to this claim occurred within Wayne County, Michigan.

12. Venue is appropriate as all parties to this located in, work in, or are domiciled in Wayne County, Michigan.

## FACTS

13. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set therein.

14. At all times mentioned herein, Plaintiff was a Type I diabetic who is required by medical prescription to take insulin several times throughout the day by way of an insulin pump.

15. On November 25, 2019, the Plaintiff, Jay R. Anderson who is diagnosed with Type I diabetes was arrested pursuant to a warrant.

16. After his arrest, Plaintiff was transported to a hospital for a medical examination, and he was granted a clean bill of health on November 25, 2019.

17. Plaintiff was then transported to Wayne County Jail, where his insulin pump was taken, and he was not administered any insulin for the remainder of that day.

18. Plaintiff's insulin pump automatically administered insulin as needed as it was attached to the Plaintiff's body.

19. Plaintiff's insulin pump would administer, at a minimum, 0.7 insulin units and hour, and can vary upwards depending on the day, meals Plaintiff has eaten, water intake, exercise, stress, and other factors; Plaintiff typically required up to seventy-five (75) units of insulin per day.

20.   However, after arresting Plaintiff and removing his insulin pump, Defendants administered no more insulin to Plaintiff on November 25, 2019 and only administered a mere 5 units of insulin to Plaintiff on the November 26, 2019, the second day of his incarceration.

21.   In the early morning hours of November 27, after less than two days in the care of the Defendants in Wayne County Jail, Anderson was transported to the hospital with life-threatening Diabetic Ketoacidosis (DKA) and remained six (6) days in the Intensive Care Unit.

22.   Upon Plaintiff's release from the hospital, he was to have zero to ten units of lispro insulin by injection with moderate dose correction on a sliding scale, three times a day, before meals; and 36 units by injection at bedtime, for a maximum of 66 units a day.

23.   Plaintiff was transported back to the Wayne County Jail, where Defendants were to ensure administration of Plaintiff's insulin on a regular schedule as prescribed by the Doctor at the hospital.

24.   The insulin schedule was not followed by the Defendants, and they continued to occasionally not even bring the insulin, even when Anderson requested it.

25.   At some point, Plaintiff was smashing apples on the floor of the jail in an effort to bring his blood sugar up because at one point he was given too much insulin, which cause his blood sugar to plummet to a dangerously low 36 mg/dL.

26.   From December 2 to December 16, Plaintiff did not receive the appropriate amounts of insulin needed to stabilize his blood sugar.

27.   When Plaintiff did receive insulin, he received doses wildly beyond what was prescribed, up receiving anywhere from 1 to 24 units of insulin.

28.   The Plaintiff's insulin levels became dangerously high at this time in the jail, up to a blood sugar level of 600.

29. Due to the lack of proper insulin administration by Defendants, the Plaintiff was again transported to the hospital again for unstable blood sugar levels on December 17, 2019 where he presented with a blood sugar level of 307 and vomiting.

30. Plaintiff's medical records from Detroit Medical Center indicate that Wayne County Jail did not follow the recommended administration of insulin as prescribed by the doctor during his previous hospitalization for the life-threatening Diabetic Ketoacidosis (DKA).

31. Plaintiff was remanded to Wayne County Jail a second time on July 16, 2021 and his insulin pump was once again confiscated.

32. Once again, Defendants did not administer appropriate amounts of insulin to Plaintiff during this weekend incarceration.

33. That Plaintiff was incarcerated in the Wayne County Jail at all relevant times mentioned herein.

34. Plaintiff's federally protected rights were violated by Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS as they failed to properly and/or adequately attend to Plaintiff's severe medical condition and in fact repeatedly did not administer the appropriate amount of insulin, causing Plaintiff to be twice hospitalized, thereby exhibiting deliberate indifference to a serious medical need.

35. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS' failure to properly and adequately respond to Plaintiff's clear and evident need for medical attention; their unexplained failure to administer appropriate insulin as prescribed in the face

5

of serious physical conditions; and their failure to provide medical precautions for Type 1 Diabetic inmates/detainees such as Plaintiff; and as a consequence Plaintiff's condition worsened all exhibit their deliberate indifference to Plaintiff's serious medical needs.

36. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS deprived Plaintiff of adequate access to medical personnel and/or prevented Plaintiff from receiving immediate and/or necessary treatment by continually ignoring pleas and kites for proper medical care, continually administering the wrong amount of insulin, and flagrantly ignoring medical recommendations as to the quantity, frequency, and dosing of insulin.

37. WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS acted wantonly, with deliberate indifference to Plaintiff's obvious and serious medical needs as outlined above.

38. At the time of the incident complained of herein, it was clearly established that the Fourth and Fourteenth Amendment prohibits pre-trial detainees from deliberate indifference to a serious medical need such as Type 1 Diabetes by denying or delaying a detainee's access to medical care.

## <u>COUNT I</u>
## <u>FOURTH AMENDMENT DUE PROCESS VIOLATION, 42 USC § 1983 INADEQUATE MEDICAL CARE/FAILURE TO PROVIDE ADEQUATE MEDIAL CARE</u>

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set herein.

40.  The Fourth Amendment prohibits cruel and unusual punishment, applicable to the States by the Fourteenth Amendment, requires that individuals incarcerated and awaiting trial shall be provided with adequate medical care.

41.  Above Plaintiff was incarcerated at the Wayne County Jail at all relevant times mentioned therein.

42.  Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS violated Plaintiff's federally protected rights by collectively and repeatedly failing to provide care for and attend to Plaintiff's stated, obvious, and severe medical needs by providing prompt medical care, repeatedly failing to give Plaintiff correct doses of insulin, ignoring kite requests, and ignoring doctor's orders in regard to the dosage and frequency of insulin, medicine, and care given, thereby exhibiting indifference to Plaintiff's serious medical needs.

43.  Defendants WAYNE COUNTY, WELLPATH LLC, and the OTHER UNKNOWN OFFICERS denied Plaintiff adequate access to appropriately trained medical personnel and/or prevented Plaintiff from receiving immediate medical attention, proper and consistent amounts of insulin, and/or treatment by failing to ensure that Plaintiff received the appropriate care within a reasonable time when Plaintiff requested it, complained of symptoms of low or overly high blood sugar, provide Plaintiff with food he could actually eat to control his blood sugar, or training its medical personnel on the proper timing, dosage, and administration of insulin for diabetic detainees such as Plaintiff.

44.  Defendants MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and OTHER UNKNOWN OFFICERS, agents of Defendants WAYNE COUNTY and WELLPATH LLC, denied

7

Plaintiff adequate access to medical care by continually failing to appropriately administer insulin at the appropriate times, causing him to be hospitalized for the same condition twice under conditions completely out of his control.

45. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited deliberate indifference to serious medical needs by denying or delaying a detainee's access to medical aid.

46. The facts set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 USC § 1983, Plaintiff has a viable claim for compensatory damages, and costs, interests, and attorney fees as set forth in 42 USC § 1988.

## COUNT II
## VIOLATION OF FOURTH AMENDMENT DUE PROCESS, 42 USC §1983 SUPERVISORY LIABILITY AS TO DEFENDANT WAYNE COUNTY

47. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth therein.

48. The Fourth Amendment's prohibition against deliberate indifference to a serious medical need forbids jail officials from denying or delaying a detainee's access to medical aid.

49. Defendants WAYNE COUNTY and WELLPATH, as an agent of WAYNE COUNTY, practiced and/or permitted customs and/or policies and/or practices that the Defendants WAYNE COUNTY and WELLPATH's agents/officers/employees and other personnel acted in conformity with and which were the moving force behind the violation of Plaintiff's constitutional rights, to wit, the custom/policy/practice of deliberate

indifference to Plaintiff's serious medical needs by continually disregarding doctors orders, failure to ensure proper administration of insulin to Plaintiff on a daily basis, and causing avoidable medical emergencies requiring hospitalization through their custom/policy/practice of deliberate indifference to the medical needs of Plaintiff on at least three occasions.

50.  These customs and/or policies and/or practices by Defendants WAYNE COUNTY and its agent WELLPATH included but were not limited to the following:

a.  Failing to adequately train correctional officers, medical staff, and other employees to perform proper medical procedures on detainees/inmates who required constant diabetic care, insulin, and blood glucose level monitoring, and training on how to determine when they required medical attention;

b.  Failing to adequately train correctional officers, medical staff, and other employees to perform elementary medical care and/or recognize obvious signs of significant problems for diabetic inmates/detainees such as Plaintiff, including signs of dangerously low or high blood glucose levels, or signs of DKA requiring immediate attention;

c.  Failing to supervise the officers and medical staff to prevent the violations of detainee/inmates' constitutional rights by way of denial of medical care, including supervision of proper administration and frequency of insulin for diabetic inmates/detainees as in the present case with Plaintiff;

d.  Failing to control or discipline officers and medical staff known to harass, intimidate, and/or abuse detainee/inmates, including repercussions for failing to administer the appropriate amount of

9

insulin at appropriate times for diabetic inmates/detainees, including Plaintiff;

e.  Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of the correctional facility and discipline and/or reprimand officers and/or employees who violate these established policies, ignore the need for appropriate medical care, and exhibit deliberate indifference to the serious medical needs of diabetic inmates/detainees who require constant monitoring; and

f.  Failing to enact and/or follow medical protocol and/or policies and/or procedures in treating detainee/inmates with serious medical conditions such as uncontrolled Type 1 Diabetes, as in Plaintiff's case, where doctors orders and common sense both dictate that an appropriate amounts of insulin are necessary.

51.  Acting with deliberate indifference to the obvious and/or known risks posed by its officers/personnel/agents acting in conformity with these policies to detainees/inmates, Defendants WAYNE COUNTY and it's agent WELLPATH practiced and/or permitted customs and/or practices and/or policies that resulted in Plaintiff's life threatening DKA, multiple trips to the hospital, and the deliberate indifference which are the violation of Plaintiff's constitutional rights complained of herein.

52.  In addition, WAYNE COUNTY and it's agent WELLPATH expressly ratified and/or authorized and/or condoned the Defendant's denial of adequate medical care and failed to impose any discipline against any individuals, including Defendants MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the

OTHER UNKNOWN OFFICERS responsible for the mistreatment of Plaintiff and/or their failure to provide medical care to Plaintiff.

53. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment, by and through the Fourteenth Amendment, prohibited deliberate indifference to a serious medical need by intentionally denying or delaying a detainee/inmate's access to medical care, including access to appropriate diabetic care, insulin, and administration.

54. The facts of the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights, by and through the Fourteenth Amendments, and pursuant to 42 USC §1983, Plaintiff has a viable claim for compensatory and punitive damages, and costs, interest, and attorney fees as set forth in 42 USC §1988.

## COUNT III
## GROSS NEGLIGENCE

55. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth therein.

56. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS owed a duty to Plaintiff, by virtue of his confinement, to engage in activities that would not endanger or cause harm to individuals.

57. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS breached this duty by acting indifferently or with gross negligence, without regard to Plaintiff's health and welfare, when they recklessly disregarded whether the appropriate amounts and timings of Plaintiff's insulin administration were adequate,

required, appropriate, and enough to keep Plaintiff from slipping into DKA or requiring hospitalization.

58. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS breached this duty as set forth in the previous paragraphs because they deliberately ignored the clear medical signs of that Plaintiff had a serious medical condition and was slipping into DKA that would have life-threatening, substantial, profound effects on him if not promptly and adequately addressed – which it ultimately did, resulting in Plaintiff's two hospitalizations while in custody.

59. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS' conduct was so reckless as to demonstrate that a substantial lack of concern for whether an injury resulted to Plaintiff, as shown by Defendants failure to ensure that doctors' orders were followed, the appropriate amount of insulin was administered, and taking steps to prevent DKA or hospitalization of Plaintiff.

60. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN OFFICERS' grossly negligent conduct is the most immediate, efficient, and direct cause preceding Plaintiff's injuries, as evidenced by the timing of Plaintiff's multiple hospitalizations and medical records indicating that Defendants failed to follow the appropriate insulin regimens – even after Defendant's first hospitalization with life-threatening DKA.

61. Defendants WAYNE COUNTY, WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND, RICHARD MILES, ANGELO PATSALIS, and

the OTHER UNKNOWN OFFICERS knew or should have known that by breaching their duties, harm would come to Plaintiff as it is clear that diabetic individuals such as Plaintiff require appropriate amounts of external insulin to survive, and Plaintiff had repeatedly exhibited symptoms of uncontrolled insulin/blood glucose levels.

62. That according to MCL 691.1407(2), the breach of Defendants' duties to exercise reasonable care was so reckless as to evince a total lack of concern as to whether harm would result to Plaintiff and amounts to gross negligence.

63. That as a direct and proximate result of Defendant's indifferent/grossly negligent acts and/or omissions, Plaintiff suffered for weeks while in the collective Defendant's custody and care, was hospitalized twice due to their gross negligence, and continues to suffer damages.

## COUNT IV
## MONELL LIABILITY

64. All preceding and subsequent paragraphs are incorporated by reference.

65. At all times herein, Defendants WAYNE COUNTY, by and through their supervisors and/or policymakers, established and/or maintained the following customs, usages, policies and/or practices:

    a. Delaying and denying reasonable medical care, including but not limited to adequate administration of insulin and diabetic care, to Plaintiff;

    b. Continual neglect of medical care with potential infliction of life-threatening Diabetic Ketoacidosis (DKA);

13

   c. Deliberate indifference and neglect of prescribed medication and
      specific insulin regimen for Plaintiff on two separate incidents; and

   d. An ongoing reckless disregard and deliberate indifference for
      Plaintiff's medical needs as a Type 1 Diabetic on multiple
      occasions and on an ongoing basis.

74. In particular, Defendant WAYNE COUNTY was on actual notice that its
    officers' unconstitutional negligence, failure to provide medical care and
    common standards of decency invasion of Fourth Amendment rights, by and
    through the Fourteenth Amendment, and conduct in violation of 42 USC
    §1983;

75. Each of the aforementioned policies, customs, and/or practices the failure to
    provide adequate medical care to diabetic inmates/detainees such as Plaintiff
    was known to Defendant WAYNE COUNTY,  as well as Defendants
    WELLPATH LLC, MONICA HALLAC, SHERRI HOUGHLAND,
    RICHARD MILES, ANGELO PATSALIS, and the OTHER UNKNOWN
    OFFICERS each acting in their official capacities, and it was further known
    that such custom/policies/procedures were highly likely and probable to
    cause violations of the constitutional rights of Plaintiff.

76. The conduct of Defendants herein was committed pursuant to the customs,
    policies and/or practices of Defendants WAYNE COUNTY enumerated
    above.

77. Defendant WAYNE COUNTY demonstrated their custom, policy, and/or
    practice of deliberate indifference to a serious and obvious medical need
    when after both arrests, Defendants removed Plaintiff's insulin pump, failed
    to administer the proper amount of insulin after taking Plaintiff's insulin
    pump away, which resulted in Plaintiff's two hospitalizations while in

14

Defendants care, as well as the need for immediate corrective administration of insulin after Plaintiff's 2021 release from custody.

78.   Defendant WAYNE COUNTY has a custom, policy, and/or practice of failing to administer proper medical care to individuals such as Plaintiff, whose Type 1 diabetes obviously require heightened, constant, and consistent medical care.

79.   Defendant WAYNE COUNTY has acted with utter disregard for the constitutional rights of Plaintiff by authorizing, both explicitly and implicitly, the neglectful medical care of Plaintiff; by failing to properly train, supervise, and discipline officers regarding appropriate administration of medications and insulin to inmates/detainees with Type 1 Diabetes such as Plaintiff; and by failing to rectify the unconstitutional custom of denying and/or delaying access to medical aid.

80.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, physical injury, mental anguish and emotional distress, humiliation, and embarrassment, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1.   Enter an award in his favor and against Defendant, exclusive of interest, costs, and attorney fees, in a sum to be ascertained;

2.   Award compensatory and punitive damages;

3.   Award exemplary damages as allowed under Michigan Law,

4.   Costs, interest and attorney fees as set forth in 42 U.S.C. § 1988; and

5.   Any other relief this Court finds appropriate.

Respectfully Submitted,
Law Office of Melissa A. Brown

_____
Attorney Melissa A. Brown (P79127)
The Law Office of Melissa A. Brown
1645 Fort Street

Dated: ___/___/20__

Wyandotte, MI 48183
(313) 473-9086

## **VERIFICATION**

I declare that the facts stated above are true to the best of my knowledge.

By:

_____

Jay R. Anderson

Date: ___/___/20__

Respectfully Submitted,
Law Office of Melissa A. Brown

Attorney Melissa A. Brown (P79127)
The Law Office of Melissa A. Brown
1645 Fort Street
Dated: 0 / 31 /20 22      Wyandotte, MI 48183
(313) 473-9086

## **VERIFICATION**

I declare that the facts stated above are true to the best of my knowledge.

By:

Jay R. Anderson

Date: 10 / 31 /20 22

16

UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY R. ANDERSON,                                    Case No.
                                                    Hon.
Plaintiff,

v.

WAYNE COUNTY, WELLPATH LLC,
and MONICA HALLAC, SHERRI
HOUGHLAND, RICHARD MILES,
and ANGELO PATSALIS, in their
Individual and Official Capacities,

Defendants.
_____/

THE LAW OFFICE OF MELISSA A. BROWN, PLLC
Melissa A. Brown (P79127)
1645 Fort Street
Wyandotte, MI 48183
(313) 473-9086
(313) 284-7424 FAX
mbrown@mblopc.com
_____/

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through his attorneys, and hereby makes a Demand for a Trial by Jury in the above-captioned matter.

                                    Respectfully Submitted,
                                    Law Office of Melissa A. Brown

Dated: 10-31-22                     Attorney Melissa A. Brown (P79127)
                                    The Law Office of Melissa A. Brown
                                    1645 Fort Street Wyandotte, MI 48183
                                    (313) 473-9086 | (313) 284-7424 FAX
                                    mbrown@mblopc.com

17